FILED

2008 MAY 29  AM 11: 44

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FANAKA B. MAPUNDA,

    Petitioner,

vs.    Case No. 2:08-cv-67-FtM-34DNF

ALBERTO GONZALEZ, Attorney General of the United States, MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security, MICHAEL ROZOS, Field Office Director for Detention and Removal, Miami District Office, U.S. Immigration and Customs Enforcement, STUART K. WHIDDON, Glades County Sheriff, DEPARTMENT OF HOMELAND SECURITY,

    Respondents.
_____/

### ORDER[1]

This matter comes before the Court upon review of the *pro se* Petition for Writ of Habeas Corpus filed January 28, 2008 (Doc. #1, "Petition"). Petitioner, Fanaka B. Mapunda (alien no. 79-237-427), who is a citizen of Tanzania, entered into immigration custody on April 28, 2007, and was ordered removed by the United States on July 20, 2007. Petition at 1. Petitioner did not appeal his removal. Id. at 4, ¶14. In the instant action, Petitioner contends that his current detention violates § 241(a)(6) of the

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), since he is unlikely to be deported in the reasonably foreseeable future. Id. at 7, ¶23. Further, Petitioner argues that his continued detention violates the Due Process Clause. Id. at 7, ¶25. Accordingly, Petitioner seeks immediate release from confinement. Id. at 8, ¶2.

In response to the Petition, Respondents filed a Motion to Dismiss for Mootness on March 12, 2008 (Doc. #7, "Motion"). Respondents assert that the Petition is moot because Petitioner was removed to Tanzania, via London, England, on February 15, 2008. Respondents submit a "Return Warrant to Krome" and a "Warrant of Removal/Deportation" as evidence of Petitioner's deportation. Motion, Exhibit A. Although given ample opportunity to do so, Petitioner has not responded to the Motion.

Article III of the Constitution restricts the jurisdiction of the federal courts to "cases" or "controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). This limitation prohibits courts from considering moot questions because such questions cannot present an active case or controversy, thus, the court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III. Coral Springs St. Sys., Inc. V. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004). Cases can be rendered moot due to a change in circumstances or a change in law. Id. at 1328. When the issue presented is no longer live, the parties lack a legally cognizable

interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot. <u>Troiano v. Supervisor of Elections in Palm Beach County, Fla.</u>, 382 F.3d. 1276, 1282 (11th Cir. 2004) (citing <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." <u>Id.</u>

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review". See <u>De La Teja v. United States</u>, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003). However, the circumstances before the Court do not fall within that exception. Two conditions must be met for the exception to apply: 1) the challenged action must be of a "duration too short to be fully litigated prior to its cessation or expiration"; and 2) there must be a "reasonable expectation that the **same complaining party would be subjected to the same action again**." <u>Christian Coalition of Ala. v. Cole</u>, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added).

Here, Petitioner's removal would render the claims presently raised in the Petition moot. As it is undisputed that Petitioner has been removed to his native county, Tanzania, he cannot establish a reasonable expectation that he will be subjected to the same continued detention in the future. Thus, the narrow exception

to the mootness doctrine is not applicable, and the Court finds that the Petition is due to be dismissed as it has been rendered moot by Petitioner's removal.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Respondents' Motion to Dismiss for Mootness (Doc. #7) is **GRANTED** and the Petition is **DISMISSED as moot.**

2.   The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any outstanding motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 29th day of May, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record